## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDREA CISCO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 3:25-cv-295-DWD** |
| ) | |
| **LIBERTY   MUTUAL   PERSONAL** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

### I. INTRODUCTION

Before the Court is Defendant Liberty Mutual Personal Insurance Company's Motion to Dismiss Plaintiff Andrea Cisco's one-count Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 9). For the reasons set forth below, the Motion to Dismiss is **DENIED**.

### II. BACKGROUND

Cisco alleges a residential fire loss and a resulting dispute with Liberty Mutual "as to certain items of personal property" and "additional living expenses." (Doc. 1, Ex. 1). She pleads that her Policy contains an appraisal clause and that, after she demanded appraisal on October 31, 2024, Liberty Mutual failed to timely appoint an appraiser and that an umpire is therefore required. (Doc. 1, Ex. 1).

Liberty Mutual moves to dismiss on three related grounds. First, it asserts that the parties are "not at issue on the appraisal" because, in Liberty Mutual's view, there was

not yet a cognizable disagreement about the amount of loss. (Doc. 9, ¶¶ 7-10). Second, it contends Cisco failed to satisfy her "Duties After Loss" as conditions precedent, *i.e.*, by supplying receipts and other documentation for claimed items and providing records on request. *Id.* at ¶¶ 17-26 (quoting Doc. 1, Ex. 1, Policy § 1, Conditions ¶¶ 2(e), 2(f)(2)). Third, relying on Illinois authority, Liberty Mutual argues that because Cisco purportedly did not produce the requested information (or otherwise fully comply with post-loss obligations), she cannot maintain "any action" on the Policy. *Id.* ¶¶ 27—34.

To support its arguments, Liberty Mutual attaches an email chain dated November 5-12, 2024, in which it stated that documentation remained outstanding and said it was "unknown if we are in a disagreement" necessary for appraisal. (Doc. 9, Ex. 1). In response, Cisco argues the dispute concerns the amount of loss—an issue appropriate for appraisal, and that any argument not relating to the disputed loss amount is not appropriately before the Court. (Doc. 16).

### III. APPLICABLE LAW

To survive a motion to dismiss, a complaint must contain enough factual matter, which the Court must accept as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court disregards legal conclusions couched as factual allegations and draws reasonable inferences in favor of the nonmoving party. *Iqbal*, 556 U.S. at 678-79. Dismissal based on an affirmative defense at the motion to dismiss stage is appropriate only if the complaint itself unambiguously establishes the defense. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of

court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6).”). Rule 12(b)(6) does not establish a duty on the part of Plaintiff to anticipate defenses on pain of potential dismissal. *Id.*

A “copy of a written instrument” attached to the complaint “is part of the pleading for all purposes.” Fed. R. Civ. P. 10(c). In limited circumstances, the Court may also consider documents a defendant submits with a Rule 12(b)(6) motion if they are “referred to in the plaintiff’s complaint and are central to [the] claim.” *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). The Seventh Circuit has cautioned that this incorporation by reference doctrine is “a narrow” exception to the usual rule limiting review to the complaint and its attachments; it is meant to prevent artful pleadings from omitting dispositive portions of documents on which a claim is based, not to allow a defendant to introduce its own factual narrative at the pleadings stage. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690–91 (7th Cir. 2012); *Tierney v. Vahle*, 304 F.3d 734, 738–39 (7th Cir. 2002); *see also Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009) (considering plan documents “central to” ERISA claims). If matters outside the pleadings are presented and not excluded from consideration by the Court, the motion must be converted to one for summary judgement. Fed R. Civ. P. 12(d).

Federal Rule of Civil Procedure 9(c) permits a party to plead generally that “all conditions precedent have occurred or been performed.” Fed. R. Civ. P. 9(c). A plaintiff need not anticipate or negate noncompliance with conditions precedent; whether such

conditions were satisfied is ordinarily a factual issue not resolvable on the pleadings. *See Xechem*, 372 F.3d at 901.

## IV. DISCUSSION

### A. Sources of Fact Properly Before the Court at this Stage

The Complaint attaches the Policy and the October 31, 2024, appraisal demand; those are part of the pleadings under Rule 10(c) and may be considered in full. (Doc. 1, Ex. 1). Liberty Mutual asks the Court to also consider its November 2024 email chain rejecting, or perhaps deferring, the appraisal demand. (Doc. 9, Ex. 1). That request is denied.

Under Seventh Circuit law, a document submitted by the defendant can only properly be considered by a court at the motion to dismiss stage if (i) the complaint refers to the document and (ii) the document is central to the plaintiff's claim. *Venture Assocs.*, 987 F.2d at 431; *Wright*, 29 F.3d at 1248. The Complaint here refers to and attaches the Policy and the appraisal demand; it does not refer to Liberty Mutual's subsequent response. (Doc. 1, Ex. 1). Liberty Mutual therefore cannot satisfy the first prong in any event.

Nor is Liberty Mutual's email "central" to Cisco's claim within the meaning of the law. A document is "central" when the claim itself is based on it—*e.g.*, the contract in a breach-of-contract case or the policy at issue in an insurance coverage action. *Hecker*, 556 F.3d at 582–83; *Brownmark*, 682 F.3d at 690. Cisco's claim for appointment of an umpire is based on (and measured against) the Policy's appraisal clause and her demand, not Liberty Mutual's later rationale for declining to proceed. (Doc. 1, Ex. 1). Liberty Mutual's

4

email is, at most, evidence bearing on a defense; either that post-loss conditions were not satisfied or that no "disagreement" existed. The Seventh Circuit has instructed district courts not to use incorporation by reference to allow a defendant to introduce new facts to contradict or sidestep the complaint's well-pleaded allegations. *Tierney*, 304 F.3d at 738–39; *Brownmark*, 682 F.3d at 690.

The Court therefore excludes the November 2024 email chain and the additional factual assertions that depend on it. (Doc. 9, Ex. 1). For the same reason, the Court does not consider new factual material offered in or attached to Cisco's response. (Doc. 16). Because the Court excludes each side's extra-pleading materials from consideration at this stage, conversion under Rule 12(d) is unnecessary and inappropriate.

### B. Ground One: Whether the Parties are "At Issue"

According to Liberty Mutual, there was no ripe appraisal dispute because it could not determine whether the parties disagreed on the amount of loss. (Doc. 9, ¶¶ 7-10). On the face of the Complaint and the Policy, Cisco alleges (1) a covered loss; (2) a dispute "as to certain items of personal property" and "additional living expenses"; (3) an appraisal clause permitting either party to demand appraisal if the parties "fail to agree on the amount of loss"; (4) her written appraisal demand; and (5) Liberty Mutual's failure to timely appoint an appraiser thereafter. (Doc. 1, Ex. 1). Accepting those allegations as true and drawing reasonable inferences in Cisco's favor, as it must, the Court finds that those allegations are sufficient to plausibly state a claim that the conditions for appraisal (and, by extension in light of Liberty Mutual's failure to appoint an appraiser, appointment of an umpire) were satisfied.

5

Liberty Mutual's contrary argument depends entirely on the excluded email chain and its factual assertion that it was "unknown" whether a disagreement existed. (Doc. 9, Ex. 1). At the motion to dismiss stage, the Court does not weigh that evidence or adopt Liberty Mutual's characterization of it. *Xechem*, 372 F.3d at 901. Ground one does not warrant dismissal.

### C. Ground Two: Alleged Noncompliance with<br>"Duties After Loss" Clause as Condition Precedent

Liberty Mutual next argues the Complaint must be dismissed because Cisco failed to (1) attach "bills, receipts and related documents" justifying her inventory figures, and (2) provide records and documents upon request. (Doc. 9, ¶¶ 17–26) (quoting Policy § 1, Conditions ¶¶ 2(e), 2(f)). As pleaded, however, this is an affirmative defense that turns on disputed facts not apparent from the Complaint. Cisco was not required to plead detailed compliance with each post-loss obligation, and nothing in her Complaint "pleads her out of court" by conclusively showing noncompliance. *See* Fed. R. Civ. P. 9(c); *Xechem*, 372 F.3d at 901.

Liberty Mutual's contention that Cisco "admittedly failed" to provide receipts and that its document requests remain outstanding rests on its November 2024 emails—materials the Court excludes—and on inferences in Liberty Mutual's favor. (Doc. 9, ¶¶ 25–26, Ex. 1). Rule 12(b)(6) does not permit dismissal on those bases. Whether and to what extent Cisco satisfied her "Duties After Loss" is a question of fact that cannot be properly resolved at the pleadings stage.

**D. Ground Three: "Suit Against Us" Clause or
Independent Condition-Precedent Theory**

Finally, Liberty Mutual invokes the Policy's "Suit Against Us" clause for the proposition that no action may be brought unless policy provisions have been complied with, and it cites Illinois decisions emphasizing an insured's duty to cooperate. (Doc. 9, ¶¶ 22, 27–34). Even if the Court were to accept the legal propositions for present purposes, the argument again depends on facts outside the pleadings; namely that Cisco refused to provide records, failed to comply with post-loss obligations, and so forth. Liberty Mutual itself characterizes the question of whether an insured breached a cooperation clause as "generally a question of fact." (Doc. 9, ¶ 27). On the Complaint the Court has, those factual determinations simply cannot be made. And because the Complaint does not establish noncompliance on its face, Rule 12(b)(6) dismissal is not appropriate on those grounds.

**V. CONCLUSION**

Rule 12(b)(6) asks whether the Complaint states a plausible claim when the well-pleaded allegations and properly considered exhibits are taken as true. Cisco's Complaint clears that bar. Liberty Mutual's three grounds for dismissal each rely on facts not properly before the Court at this stage and on inferences that run against the Rule 12(b)(6) standard. Accordingly, Defendant's Motion to Dismiss is **DENIED**. The stay of the case is **LIFTED**. Defendant is **DIRECTED** to file an answer within 14 days of this date.

      **SO ORDERED**.

                                                 s/ *David W. Dugan*
                                             _____

      Dated: October 22, 2025                      DAVID W. DUGAN
                                          United States District Judge